696 A.2d 91

ARCHITECTURAL INNOVATIONS, INC., A NEW JERSEY CORPO-RATION, PLAINTIFF–APPELLANT, v. JOHN C. D'URSO AND JEAN M. D'URSO, HIS WIFE, DEFENDANTS–RESPONDENTS, AND AMERICAN ARBITRATION ASSOCIATION, WELLINGTON J. DAVIS, HOME BUYERS WARRANTY, DEFENDANTS.

Superior Court of New Jersey
Appellate Division

Argued June 3, 1997—Decided July 9, 1997.

Before Judges DREIER and VILLANUEVA.

*Thomas Daniel McCloskey* argued the cause for appellant.

*Michael R. Rubino, Jr.* argued the cause for respondents (*Fay, Pandolfe, Shaw, Rubino & Vecchione*, attorneys; *Mr. Rubino*, of counsel; *Adriana M. Muolo*, on the brief).

The opinion of the court was delivered by

VILLANUEVA, J.A.D. (retired and temporarily assigned on recall).

Plaintiff appeals from an order denying injunctive relief to restrain a "Homeowners Buyers Warranty" arbitration proceeding involving alleged defects in the home plaintiff constructed for John and Jean D'Urso ("defendants"). We affirm.

On January 25, 1994, the defendants entered into a contract with Marius Gudelis and his corporation, Architectural Innova-

tions, Inc. (plaintiff), for the construction of a five-bedroom house at 5 Goose Point Drive, Colts Neck, New Jersey for $441,575. This price did not include the cost of the land, which the defendants had purchased separately. As construction of the house neared completion, the defendants contended that the house was not constructed in a satisfactory manner. Defendants refused to pay the final payment of $48,573.25 when plaintiff demanded it because, according to defendants, the house was not complete.

Plaintiff filed a demand for arbitration to obtain payment of the balance of the money plaintiff claimed was due ($81,522.22, plus fees). Paragraph IV-m of the contract between plaintiff and defendants provided that either party "may submit any dispute to this contract to arbitration in accordance with the American Arbitration Association's Construction Industry Arbitration Rules."

Defendants, in their Answering Statement to the Demand for Arbitration with Demand for Set Off and Counterclaim, requested the following:

THE CLAIM OR RELIEF SOUGHT (the amount, if any): The Respondent/counterclaimant seeks the disallowance of the purported extras and upgrades in the sum of $32,948.97, the repair of all defective items of workmanship, the completion of all incomplete items, the reduction of the balance due on contract for $48,573.25 and the sum of $23,543.54 for expenses incurred or to be incurred by the respondent/counterclaimant as a result of the claimant's breach of contract, a sum sufficient to perform proper repairs of the structurally deficient basement floor which has been estimated to approximate the sum of $20,000, legal fees, arbitration fees and expenses, witness fees and any other damages incurred as the result of claimant's breach of contract.

An arbitration hearing took place in February and March 1995, over the course of eight days. John Rudderow, of the American Arbitration Association, was the arbitrator. Both sides provided expert and lay witnesses, as well as an on-site inspection, to support their positions. Only certain portions of the transcript of the proceedings are presently in existence.

On April 3, 1995, John Rudderow issued his one-page decision. The decision did not incorporate a finding of what claims had been considered, nor did it include a statement addressing what claims

had been either specifically accepted or rejected by Rudderow. The arbitration award stated:

1. JOHN D'URSO AND JEAN D'URSO, hereinafter referred to as the RESPONDENT, shall pay to ARCHITECTURAL INNOVATIONS, INC., hereinafter referred to as CLAIMANT, the sum of THIRTY THOUSAND SEVEN HUNDRED DOLLARS ($30,700.00).

2. Each party is to pay his or her Attorney Fees.

3. The administrative fees and expenses of the AAA shall be borne equally by the parties and shall be paid as directed by the Association.

4. This Award is in full settlement and consideration of All Claims and Counterclaims submitted to this arbitration.

Defendants subsequently filed a demand for arbitration under the "2–10 Home Buyers Warranty" policy. The defendants' Home Buyers Warranty states, in pertinent part:

If the Homeowner(s) have submitted their complaints to the Builder and Home Buyers Warranty as described under III[,] "What the Homeowner Must Do," the Builder will have 30 days to inspect the home and to respond to the Homeowner(s) as to what action the Builder intends to take and the time by which the defect will be corrected ... If the Homeowner(s) and Builder do not reach an agreement, if the builder does not make the repairs promptly or if the Homeowner is not satisfied with any repair of defects made by the builder, either the Builder or the Homeowner(s) may request an impartial third party arbitration with a Home Buyer Warranty approved arbitration service which will be conducted in accordance with their rules and regulations.

The American Arbitration Association Rules for Home Warranty Arbitration provide:

These rules shall apply whenever the parties have agreed to arbitrate under them, or under any existing home-owner warranty or insurance dispute settlement program providing for administration by the American Arbitration Association (AAA). These rules shall be applied as set forth under the certificate of participation, insurance policy, or other applicable documentation. They apply to the extent that they are not inconsistent with applicable statutes or with the agreement of the parties.

Along with their demand for arbitration under the Home Buyers Warranty, the defendants included a list, which addressed items that the defendants contended had not been previously considered in the earlier arbitration proceeding and also included some items that were allegedly discovered after the award had been made by the arbitrator.

On April 25, 1995, the American Arbitration Association issued its award and approved a number of the new claims that the defendants had listed. The award did not require plaintiff to pay money damages, but rather, required plaintiff to repair the defects.

In a letter dated August 21, 1995, the plaintiff made a request for a clarification of the Construction Industry Arbitration award. The plaintiff demanded that the American Arbitration Association direct the arbitrator of the Construction Industry Arbitration, John Rudderow, to issue a clarification. Rudderow issued a clarification of his April 3, 1995 decision in the form of a Disposition of Application for Clarification of Award. The clarification provides:

> The award was in full settlement of all items discussed during the eight (8) days of this Arbitration case, which can be listed from the punch lists that were submitted, C–6–A, C–6–B, C–6–C, C–6–D, C–6–E, C–6–F, C–6–G and C–7 all submitted as Exhibits on February 7, 1995, and discussed during the course of the hearings.

On September 25, 1995, plaintiff, after filing suit in the Superior Court, obtained an order to show cause to confirm the original Construction Industry Arbitration Award and obtained restraints which temporarily stayed the Home Buyers Warranty arbitration and set a continued hearing before the court.

An October 25, 1995 order required that defendants "bear the burden of adducing evidence or other proofs that demonstrate and otherwise prove that the claims and defects itemized ... were *not* considered or included within the claims and defects itemized and annexed as part of the Defendants' Demand for Arbitration with Demand for Set–Off and Counterclaim....".

After a final hearing on December 14, 1995, Judge McGann rendered an oral opinion. On January 23, 1996, Judge McGann signed an order which states:

1. The Home Buyer's Warranty action commenced by ... John D'Urso and Jean D'Urso, husband and wife, (homeowners), may proceed on the items not previously considered in the Construction Industry Arbitration....

2. The stay on the Home Buyer's Warranty arbitration is lifted so as to allow the defendants to proceed with their claims against the contractor, Architectural Innovations, Inc.

3. The Defendants may proceed with the Home Buyers Warranty Arbitration on those items contained in Exhibit "A" and Exhibit "B" which include those deficiencies the plaintiff was notified of prior to the expiration of the one year policy coverage, yet were not previously considered in the arbitration.

4. The Home Buyer's Warranty issued to the defendants by Architectural Innovations, Inc., shall remain in effect under the terms and for the periods indicated in the policy manual. The effective date of the Home Buyers Warranty shall be November 19, 1994, as indicated by the Home Buyers Warranty.

On February 23, 1996, plaintiff filed a Notice of Appeal with the Appellate Division.

On February 26, 1996, a Home Buyers Warranty arbitration was held at defendants' home. Plaintiff sought to stay the arbitration, having filed a Notice of Appeal just prior to the Home Buyers Warranty arbitration. However, both the Chancery Division and the Appellate Division denied the stay and the arbitration proceeded as scheduled. Marius Gudelis of Architectural Innovations, Inc., would not appear for the Home Buyers Warranty arbitration.

In contrast to the eight-day Construction Industry Arbitration, the Home Owners Warranty arbitration took approximately two and one-half hours. The arbitrator did not take testimony, as did the Construction Industry arbitrator, but rather, walked through the defendants' residence and observed each of the defects listed and permitted to be arbitrated per the court order of January 23, 1996. On April 25, 1996, the American Arbitration Association handed down its award which approved approximately seventy-five percent of the new claims listed by the defendants. As we noted, the award did not require financial reimbursement by the plaintiff, nor did the defendants request financial reimbursement, but rather required plaintiff to repair the defects. Apparently, Architectural Innovations, Inc., and Marius Gudelis have not repaired any of the defects per the Home Owners Warranty policy award, presumably because of the pending appeal.

On appeal, plaintiff argues:

THE "NEW CLAIMS" OF THE D'URSO'S WERE AND ARE BARRED BY THE EXPRESS TERMS OF THE APRIL 3, 1995 ARBITRATION DECISION AND OTHERWISE AS A MATTER OF LAW; AND, THEREFORE, IN FAILING TO DISMISS THEM, THE LOWER COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR.

A.   The D'Urso's Second Arbitration Claims were and are barred by the doctrines of res judicata, "entire controversy" and "law of the case".

B.   The remand of the D'Urso's Second Arbitration Claims to the original Arbitrator for clarification was neither feasible, warranted nor proper as a matter of law.

C.   Since the Defendant Homeowners had already elected their remedy by pursuing arbitration, the lower court was and is empowered by N.J.S.A. a:24-7 and R. 4:67-2(b) to confirm and enforce the Original Arbitration Award as a final judgment, despite the late date; and, in failing to do so, the court erred.

We affirm substantially for the reasons stated by Judge McGann in his oral opinion on December 14, 1995. Judge McGann properly considered all the requirements of *Tretina Printing, Inc. v. Fitzpatrick and Associates,* 135 *N.J.* 349, 640 *A.*2d 788 (1994).

Although it was difficult to determine which of the items had actually been a part of the initial arbitration award, Judge McGann correctly decided that the second arbitration was not precluded by the first. The parties had apparently specifically left particular items for a later decision under a proceeding that was entirely different from the initial construction arbitration. In the Home Buyers Warranty arbitration, the arbitrator determines which items need to be addressed by the builder and then the builder has to repair same. If the builder does not rectify the defects found by the arbitrator within a reasonable period of time, the builder's insurer or the State can proceed to repair the items and eventually recover, by way of subrogation, from the builder for such costs. *N.J.S.A.* 46:3B-7. The Home Buyers Warranty covers only a certain portion of the construction, and therefore the arbitrations are at least theoretically separable.

It is clear that defendants should not have been forced to present all their claims in the original arbitration proceeding. The plaintiff builder brought its action for the balance due well within the warranty period, even before the warranty was issued.

The owners had a right to determine how the roof, basement, mechanical and electrical systems, etc. operated and to examine the workmanship and defects for at least one year before they were forced to present their claims. They could present their claims not later than seven days after the date on which the warranty on that item expires. *N.J.A.C.* 5:25–5.5(b)1. In fact, there was a ten-year warranty for major structural defects. *N.J.S.A.* 46:3B–3 and *N.J.A.C.* 5:25–3.2 Most of the items presented in this last claim were small, and the cost to repair the various items was not even a factor in the arbitration. The arbitrator determined the deficiencies and the builder was ordered to correct them. The cost of repair only becomes relevant when the builder defaults and the State either performs the work or directs the insurer to do so.

Affirmed.

between lease and renewal; broker was duly licensed when initial contract was signed, and its right to future commission was absolute at that time, subject only to future actions of landlord and tenant, over whom broker had no control. N.J.S.A. 45:15–3; N.J.Admin. Code title 11, chap. 5–1.10i.